# EXHIBIT A

Insurance Commissioner
ACCEPTED SOP
NOV 2 6 2019
TIME: 2pm

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY WASHINGTON
October 25 2019 11:42 AM
KEVIN STOCK
COUNTY CLERK
NO: 19-2-11723-6

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| MAKENZIE and ERIC ZUERN, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**IDS PROPERTY CASUALTY INSURANCE COMPANY**, a foreign insurer; **AMERIPRISE INS. CO.**, a foreign insurer; and **AMERIPRISE AUTO & HOME INS.**, a foreign insurer,<br><br>**Defendants.** | Case No.:<br><br>**CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT

Plaintiffs Makenzie and Eric Zuern (collectively "Plaintiffs") bring this class action on behalf of themselves and all others similarly situated, by and through undersigned counsel, and for their Complaint against IDS Property Casualty Insurance Company ("IDS"), Ameriprise Ins. Co. ("Ameriprise Ins."), and Ameriprise Auto & Home Ins. ("Ameriprise Auto & Home") (collectively "Ameriprise" or "Defendants") state and allege as follows:

### INTRODUCTION

1. This is a class action whereby Plaintiffs seek, for themselves and all other similarly situated insured customers or former customers of Ameriprise, declaratory and

1. injunctive relief, as well as compensatory damages and other appropriate remedies, resulting from Ameriprise's common policy and general business practice of using unpermitted, inappropriate, nonitemized and/or unverifiable adjustments to improperly reduce insureds' total loss valuations and claims payments in violation of Washington law and its contractual obligations.

2. When valuing total loss claims for vehicles, it is improper for an automobile insurance company, such as Ameriprise, to undervalue and underpay the claims by manipulating the data used to value the vehicles. Specifically, as proscribed by WASH. ADMIN. CODE § 284-30-391, when settling a total loss claim under its collision or comprehensive coverages by paying an insured the actual cash value of the loss vehicle, insurers must base all vehicle valuations on itemized and verifiable dollar amounts, making only "appropriate deductions or additions for options, mileage, or condition when determining comparability."

3. Notwithstanding, Ameriprise uses a valuation process that employs unpermitted, inappropriate, nonitemized and unverifiable adjustments to reduce the value of comparable vehicles specified in the valuation reports, which in turn reduces the vehicle valuation of the total loss vehicle, as well as the claim payment to the insured.

4. This pattern and practice of undervaluing comparable and total loss vehicles when paying first-party automobile total loss claims, which benefits the insurer at the expense of the insured, is not permitted under Washington law nor the terms of Ameriprise's policies with its insureds.

**JURISDICTION AND VENUE**

5. Plaintiffs and all proposed class members are citizens of the State of Washington. Ameriprise is an insurance company authorized to do business in the State of

CLASS ACTION COMPLAINT – 2

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
(206) 971-7601

Washington, and, at all relevant times hereto, was engaged in the marketing, sale and issuance of automobile insurance policies in the State of Washington.

6. The compensatory damages being sought by Plaintiffs do not exceed $75,000, and no individual member of the Class would possess a compensatory damage claim in excess of $75,000. Additionally, Plaintiffs in good faith estimate that the aggregate compensatory damages claimed by Plaintiffs and the Class are below the $5,000,000 federal jurisdictional threshold under the Class Action Fairness Act ("CAFA").

7. Accordingly, this Court has jurisdiction over the parties and the subject matter of this action, and venue is proper.

## PARTIES

8. Plaintiff, Makenzie Zuern, resides in King County and is a citizen of the state of Washington. At all relevant times hereto, Plaintiff was contracted with Ameriprise for automobile insurance. On or about August 4, 2017, Plaintiff's insured vehicle was deemed a total loss.

9. Plaintiff, Eric Zuern, resides in King County and is a citizen of the state of Washington. At all relevant times hereto, Plaintiff was contracted with Ameriprise for automobile insurance. On or about August 4, 2017, Plaintiff's insured vehicle was deemed a total loss.

10. Defendant IDS Property Casualty Insurance Company is a property and casualty insurance company. IDS markets, operates, and provides claims handling under the logo "Ameriprise" or "Ameriprise Auto & Home Insurance." Defendant IDS's corporate headquarters is located at 3500 Packerland Dr., DePere, WI 54115-9070. Defendant IDS

conducts business throughout the state of Washington, including in Pierce County, and throughout most of the United States through insurance agents and other company personnel.

11.    Defendant Ameriprise Ins. Co. is a property and casualty insurance company. Ameriprise Ins. markets, operates, and provides claims handling under the logo "Ameriprise" or "Ameriprise Auto & Home Insurance." Defendant Ameriprise Ins.'s corporate headquarters is located at 3500 Packerland Dr., DePere, WI 54115-9070. Defendant Ameriprise Ins. Co. conducts business throughout the state of Washington, including in Pierce County, and throughout most of the United States through insurance agents and other company personnel.

12.    Defendant Ameriprise Auto & Home Insurance provides marketing and claims handling for IDS and Ameriprise Ins. Defendant Ameriprise Auto & Home's corporate headquarters is located at 3500 Packerland Dr., DePere, WI 54115-9070. Defendant Ameriprise Auto & Home Insurance conducts business throughout the state of Washington, including in Pierce County, and throughout most of the United States through insurance agents and other company personnel.

## FACTUAL ALLEGATIONS

A.    **Ameriprise's Policy and Improper Valuation of Total Loss Claims.**

13.    IDS is an insurance company registered with Washington's Office of the Insurance Commissioner, which, according to the website www.ameriprise.com, markets its products, collectively with Ameriprise Ins., under the name Ameriprise Auto & Home Insurance. Upon information and belief, IDS and Ameriprise Ins. conduct business through Ameriprise Auto & Home pursuant to the same policies, utilizing the same website, letterhead, address, telephone number, and central office.

14. Plaintiffs, like all proposed class members, currently have, had, or were covered under a contract of automobile insurance with Ameriprise. The contract of insurance between Plaintiffs, as well as each proposed class member, and Ameriprise provides coverage for the total loss of a vehicle in a collision on the basis of the "actual cash value" of the vehicle or the "[a]mount necessary to repair or replace the property." *See* Exhibit 1 (Policy) at pp. 4 and 18. The actual cash value is determined, in part, by applying WASH. ADMIN. CODE § 284-30-391. The material policy language for all policies issued by IDS and Ameriprise Ins., through Ameriprise Auto & Home, during the relevant time period is identical or substantially the same.

15. WASH. ADMIN. CODE § 284-30-391(2) provides that in those circumstances where an insurer makes a cash settlement offer on an insured's total loss claim, the cash settlement must be "based on the actual cash value of a comparable motor vehicle."

16. WASH. ADMIN. CODE § 284-30-391(4)(b) further provides that when settling an insured's total loss claim, an insurer must "[b]ase all offers on itemized and verifiable dollar amounts for vehicles that are currently available, . . ., using appropriate deductions or additions for options, mileage or condition when determining comparability." This provision limits the categories of appropriate deductions to "options, mileage or condition" and requires itemization and verification so as to ensure that (i) any adjustments are reasonable, measurable, justified and fully explained to insureds, and (ii) insureds have the ability to evaluate and challenge any deductions that are not proper.

17. Systemically, Ameriprise fails to offer and pay the actual cash value, takes unpermitted and inappropriate deductions, fails to properly itemize and explain deductions taken, and undervalues comparable and loss vehicles when settling first-party automobile total loss claims.

18. Ameriprise bases its valuations and payments on total loss claims on manipulated data and valuation reports that do not meet Ameriprise's duties under Washington law, imposing unpermitted, inappropriate, nonitemized, unverified and unexplained "typical negotiation" adjustments to artificially reduce the values of comparable vehicles.

19. Upon information and belief, to calculate its valuations and claims payments, Ameriprise employs a routine total loss settlement process. This process involves Ameriprise obtaining a market valuation report from a third-party company called AudaExplore North America, Inc. ("AudaExplore"). These market valuation reports purport to contain values for comparable vehicles recently sold or for sale in the geographic area of the insured. The reports also contain a purported valuation for the loss vehicle based upon the data for the comparable vehicles in the report. Upon information and belief, Ameriprise instructs AudaExplore as to what specific data to include in the report as the basis for the valuation, including whether to include a "typical negotiation" adjustment to the comparable vehicles.

20. As a general business practice, Ameriprise offers its insureds a claim amount equivalent to the valuation of the loss vehicle that is specified in the market valuation report prepared by third-party AudaExplore.

21. The market valuation reports reduce the estimated value to comparable vehicles, applying a "typical negotiation" adjustment. These adjustments are not permitted, are based on undisclosed and unfounded assumptions, and are inappropriate, nonitemized, unverified, and unexplained in violation of Washington law and contrary to Ameriprise's contractual obligations. The application of unpermitted, unfounded, inappropriate, nonitemized, unverified, and unexplained adjustments to reduce the value of comparable vehicles artificially reduces the

valuation of the loss vehicle to benefit the insurer at the expense of the insured by systemically reducing the amount Ameriprise has to pay its policyholders for their valid claims.

**B.     Ameriprise Undervalued and Underpaid Plaintiffs' Total Loss Claim.**

22.     Plaintiffs owned a 2014 Nissan Rogue S 4WD 4D Wagon that was deemed a total loss on or about August 4, 2017.

23.     Plaintiffs made a claim with Ameriprise for the total loss of their vehicle.

24.     Ameriprise provided a total loss valuation to Plaintiffs for their total loss claim. Ameriprise based its offer upon a valuation report obtained from AudaExplore.

25.     Ameriprise valued Plaintiffs' total loss claim at $17,511[1] and paid Plaintiffs that amount. Ameriprise's valuation was based on an AudaExplore market valuation report titled "Autosource Market-Driven Valuation." The Autosource Market-Driven Valuation listed values of five different comparable vehicles and applied a "typical negotiation" adjustment of approximately 6.4% to all five vehicles, decreasing the value of each of the comparable vehicles by approximately $1,100. These unpermitted, unfounded, inappropriate, nonitemized, unverified, and unexplained adjustments were violative of Washington law and contrary to Ameriprise's contractual obligations, and they resulted in an underpayment on Plaintiffs' claim of approximately $1,100.

## CLASS ACTION ALLEGATIONS

26.     This action is brought by Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under the provisions of CR 23(a) and 23(b)(2), or, alternatively, 23(b)(3), for declaratory judgment, monetary restitution, plus interests, injunctive

---

[1] This amount is not inclusive of tax, title, and transfer fees.

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, Washington 98101
(206) 971-7601

relief, costs and attorney's fees. Plaintiffs seek certification of this action as a class action on behalf of the following class (the "Class"):

> All persons insured by a contract of automobile insurance issued by Ameriprise to a Washington resident, and who, from the earliest allowable time through the date of resolution of this action, received compensation for the total loss of their vehicles under their First Party Coverages (Comprehensive, Collision, and UIM) and received a total loss valuation from Ameriprise based upon an AudaExplore valuation.

27. Excluded from the Class are the Defendants, any parent, subsidiary, affiliate, or controlled person of the Defendants, as well as the officers, directors, agents, servants or employees of the Defendants and the immediate family members of any such person. Also excluded is any judge who may preside over this cause of action.

28. The exact number of the Class, as herein identified and described, is not known, but it is estimated to be at least one hundred. Accordingly, the Class is so numerous that joinder of individual members herein is impracticable.

29. There are common questions of law and fact in the action that relate to and affect the rights of each member of the Class and the relief sought is common to the entire class. In particular, the common questions of fact and law include:

   a. Whether Ameriprise systemically applied a "typical negotiation" adjustment to comparable vehicles to calculate the value of total loss vehicles;

   b. Whether, through the above referenced practice, Ameriprise breached its contracts with its insureds;

   c. Whether, through the above referenced practice, Ameriprise breached the common law duty of good faith and fair dealing;

   d. Whether, through the above referenced practice, Ameriprise violated WASH. ADMIN. CODE § 284-30-391;

  e. Whether, through the above referenced practice, Ameriprise violated the Consumer Protection Act, REV. CODE OF WASH. § 19.86.020;

  f. Whether Plaintiffs and the Class are entitled to declaratory and injunctive relief; and

  g. Whether Plaintiffs and the Class are entitled to compensatory damages in the amount of the invalid "typical negotiation" adjustment applied to Plaintiffs and each Class member's valuation.

30. The claims of the Plaintiffs, who are representative of the class herein, are typical of the claims of the proposed class, in that the claims of all members of the proposed class, including the Plaintiffs, depend on a showing of the acts of Ameriprise giving rise to the right of Plaintiffs to the relief sought herein. There is no conflict between the individually named Plaintiffs and other members of the proposed Class with respect to this action, or with respect to the claims for relief set forth herein.

31. The named Plaintiffs are the representative parties for the Class, and are able to, and will fairly and adequately, protect the interests of the Class. The attorneys for Plaintiffs and the Class are experienced and capable in complex civil litigation, insurance litigation and class actions.

32. Class certification is appropriate under CR 23(b)(2) because Ameriprise's actions are generally applicable to the Class as a whole, and Plaintiffs seek equitable remedies with respect to the Class as a whole.

33. Class certification is also appropriate under CR 23(b)(3) because the common questions of law and fact in this case predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient

adjudication of the controversy. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. The class action procedure would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by class members whose claims are too small and complex to individually litigate against a large corporate defendant.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

34. Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

35. Ameriprise's insurance contract with its insureds provides coverage for the total loss of a vehicle in a collision on the basis of actual cash value of the vehicle or the amount necessary to replace the insured vehicle with a vehicle of like kind and quality. The actual cash value is determined, in part, by applying WASH. ADMIN. CODE § 284-30-391.

36. Ameriprise has breached its contract with Plaintiffs and the members of the Class by not paying total loss claims upon the actual cash value of loss vehicles. Ameriprise departed from the use of actual cash value by basing its valuations and claims payments on the values of comparable vehicles that have been artificially reduced by unpermitted, arbitrary and unjustified negotiation adjustments that are indiscernible, and/or unexplained.

37. Ameriprise's breaches have resulted in a systemic failure to pay the actual cash value of total loss vehicles as required under the contract.

38. Ameriprise's breaches and violations have caused damage to Plaintiffs and the Class. Plaintiffs' and proposed Class members' damages include the amounts illegally deducted by Ameriprise from the insureds' payments.

## SECOND CAUSE OF ACTION
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

39. Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

40. Ameriprise owed Plaintiffs and each Class member a duty of good faith and fair dealing at all times during the existence of the insurance contract and while providing automobile insurance coverage, including when handling, adjusting, and settling total loss claims for its insureds.

41. Ameriprise purposefully and without regard to the rights of the Plaintiffs and the Class, failed to pay the actual cash value of total loss vehicles.

42. Ameriprise's acts, including valuing and paying insureds' total loss claims on valuations of comparable vehicles that had been artificially reduced by unpermitted, inappropriate, nonitemized, unverified, and unexplained negotiation adjustments, were unfair, unreasonable, and unfounded.

43. Through the above referenced acts, Ameriprise breached the insurance contract and the covenant of good faith and fair dealing.

44. Ameriprise's breaches of the covenant of good faith and fair dealing have caused damage to Plaintiffs and the Class.

## THIRD CAUSE OF ACTION
## VIOLATION OF CONSUMER PROTECTION ACT
## REV. CODE OF WASH. § 19.86.020

45. Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

46. REV. CODE OF WASH. § 19.86.020 provides "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." REV. CODE OF WASH. § 19.86.020.

47.     Ameriprise was, at all relevant times, engaged in "trade or commerce" as defined by REV. CODE OF WASH. § 19.86.020.

48.     Ameriprise's acts, practices, and policies complained of herein are unfair and/or deceptive acts or practices that have the capacity to and do deceive consumers. Ameriprise unreasonably, and in bad faith, fails to value and pay its insureds' total loss claims on the basis of actual cash value, applies unpermitted and inappropriate "typical negotiation" adjustments, fails to itemize and explain deductions taken, and arbitrarily undervalues comparable and loss vehicles when settling first-party automobile total loss claims.

49.     Ameriprise failed to adopt and implement reasonable standards for the investigation of its insureds' total loss claims.

50.     Ameriprise further made false and/or misleading representations as to the nature, characteristics, and benefits of its total loss coverage by making representations that they were of a particular standard, quality, or grade with knowledge they were not. Ameriprise also made false and/or misleading representations that it properly investigated the value of Plaintiffs' total loss using a valuation model that purported to be valid, reasonable, and compliant with state law.

51.     Ameriprise's conduct is part of a uniform course of conduct that has an impact on the public interest.

52.     Ameriprise's conduct, as described herein, violates the Washington Consumer Protection Act, including, but not limited to, REV. CODE OF WASH. § 19.86.020.

### FOURTH CAUSE OF ACTION
### DECLARATORY JUDGMENT

53.     Plaintiffs hereby repeat and reallege all preceding paragraphs contained herein.

54.     An actual case and controversy within the meaning of Washington Uniform Declaratory Judgments Act, chapter 7.24 RCW, which may be adjudicated by this Court exists between Plaintiffs and the proposed Class and Ameriprise.

55.     Plaintiffs, for themselves and on behalf of the Class, seek a declaration of rights and liabilities of the parties herein. Specifically, Plaintiffs are seeking a declaration that in paying total loss claims with first-party insureds, it is a violation of Washington law and the insurance contract with Ameriprise for Ameriprise to base the valuation and payment of claims on values of comparable vehicles that have been reduced by deductions that are not provided for in WASH. ADMIN. CODE § 284-30-391 and/or otherwise are unfounded, inappropriate, nonitemized, unverified, and/or unexplained.

56.     Ameriprise's unlawful common policy and general business practice as described herein are ongoing. Accordingly, Ameriprise has violated, and continues to violate, Washington law.

57.     As a result of these violations of Washington law, Plaintiffs and the proposed Class members have been injured. Plaintiffs' and proposed Class members' damages include the amounts illegally deducted by Ameriprise from the insureds' payments.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a)   determine that this action may be maintained as a class action under Civil Rule 23, appoint Plaintiffs as class representatives, and appoint undersigned counsel as Class Counsel;

b)   enter an order finding that Ameriprise's actions described herein constitute a breach of contract;

c)  enter a declaratory judgment that in paying total loss claims with first-party insureds, it is a violation of Washington law and the insurance contract with Ameriprise for Ameriprise to base the valuation and payment of claims on values of comparable vehicles that have been reduced by deductions that are not provided for in WASH. ADMIN. CODE § 284-30-391 and/or otherwise unfounded, inappropriate, nonitemized, unverified, and/or unexplained;

d)  enter an order enjoining Ameriprise from basing the valuation and payment of claims on values of comparable vehicles that have been reduced by deductions that are not provided for in WASH. ADMIN. CODE § 284-30-391 and/or otherwise unfounded, inappropriate, nonitemized, unverified, and/or unexplained;

e)  enter an order requiring Ameriprise to pay compensatory damages to Plaintiffs and all members of the proposed class in the amount of 100% of the proceeds that Ameriprise wrongfully deducted from their insureds' payments due to the application of a "typical negotiation" adjustment or alternatively enter an order requiring Ameriprise to prepare a total loss valuation for Plaintiffs and each member of the Class that does not include any "typical negotiation" adjustment or any other deduction that is unfounded, inappropriate, nonitemized, unverified, and/or unexplained;

f)  award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law.

| | | |
|---|---|---|
| 1 | g) | award reasonable attorneys' fees and costs pursuant to applicable law; |
| 2 | h) | award treble damages pursuant to applicable law; |
| 3 | i) | award litigation costs and expenses pursuant to applicable law; and |
| 4 | j) | grant such other legal and equitable relief as the Court may deem appropriate. |

Dated this 25th day of October 2019.

**NELSON BOYD, PLLC**

*/s/ Deborah M. Nelson*
Deborah M. Nelson, WSBA #23087
Jeffrey D. Boyd, WSBA #41620

*Counsel for Plaintiffs and the Proposed Class*

**CARNEY BATES & PULLIAM, PLLC**

Hank Bates
Tiffany Oldham
519 W. 7th St.
Little Rock, AR, 72201
Tel. 501-312-8500
Fax 501-312-8505
hbates@cbplaw.com
toldham@cbplaw.com

*Counsel for Plaintiffs and the Proposed Class*
*(pro hac vice pending)*