UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAKENZIE ZUERN, *et al.*, | |
| Plaintiffs, | Case No. C19-6235-MLP |
| v. | ORDER |
| IDS PROPERTY CASUALTY INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

## I.   INTRODUCTION

This matter is before the Court on Plaintiffs Mackenzie and Eric Zuern's (collectively "Plaintiffs") unopposed motion for preliminary approval of settlement. (Mot. (Dkt. # 49).) Having considered Plaintiffs' submissions, the balance of the record, and the governing law, the Court orders that Plaintiffs' motion be GRANTED.

## II.   BACKGROUND

Plaintiffs filed a class action on behalf of themselves and all others similarly situated against Defendants IDS Property Casualty Insurance Company ("IDS"), Ameriprise Insurance Company, and Ameriprise Auto & Home Insurance in Pierce County Superior Court (collectively, the "Ameriprise Defendants"). (Compl. (Dkt. 1-1) at ¶¶ 10-12.) Plaintiffs' class

ORDER - 1

1  action seeks declaratory relief, injunctive relief, and damages as a result of Defendants' alleged
2  common policy and general business practice of using improper adjustments to reduce insureds'
3  total loss valuations and claims payments in violation of Washington law and its contractual
4  obligations. (*Id.* at ¶ 1.) Defendants removed this matter to federal court on December 24, 2019
5  pursuant to 28 U.S.C. § 1441, arguing this Court has original jurisdiction pursuant to 28 U.S.C. §
6  1332(d)(2)(A) ("Class Action Fairness Act" or "CAFA"). (Not. of Removal (Dkt. # 1) at 2-3.)

7  Plaintiffs own a 2014 Nissan Rogue 4WD 4D SUV that was damaged on August 4, 2017.
8  (Compl. (Dkt. # 1-1) at ¶ 22.) Plaintiffs allege that at the time their vehicle was damaged and
9  deemed a total loss, Plaintiffs were covered by automobile insurance with Defendant IDS. (*Id.* at
10  ¶ 14.) Plaintiffs submitted a claim with IDS for the total loss of their vehicle. (*Id.* at ¶ 23.) IDS
11  provided a total loss valuation based upon a valuation report it obtained from Audatex North
12  America, Inc. ("Audatex"). (*Id.* at ¶ 24; Mot. at 3.) Audatex is a third-party company that
13  provides market valuation reports that contain values for comparable vehicles recently sold or for
14  sale in the geographic area of the insured. (Compl. at ¶ 19.) Plaintiff alleges that IDS instructs
15  Audatex as to what specific data to include in the report as the basis for the valuation, including
16  whether to include a "typical negotiation" adjustment to the comparable vehicles. (*Id.*) The
17  "typical negotiation" adjustment, according to Plaintiffs, is based on undisclosed and unfounded
18  assumptions. (*Id.*)

19  As alleged, Audatex's report included values of five different comparable vehicles and
20  applied a "typical negotiation" adjustment of approximately 6.4% to those vehicles. (*Id.* at ¶ 25.)
21  This adjustment decreased the value of each comparable vehicle by approximately $1,100.00.
22  (*Id.*) Based on this report, IDS paid Plaintiffs $17,511 for their claim. (*Id.*) Plaintiffs allege that
23  the "typical negotiation" adjustment made by IDS was a breach of the parties' contract because

ORDER - 2

the contract requires IDS to pay the "actual cash value of the loss vehicle." (*Id.* at ¶ 36.) Plaintiffs further allege that IDS's conduct amounted to a breach of the covenant of good faith and fair dealing and was a violation of Washington's Consumer Protection Act ("CPA"), RCW § 19.86.020. (*Id.* at ¶¶ 39-52.)

On January 21, 2020, Defendants moved to dismiss the complaint in its entirety, alleging: (1) IDS did not breach the insurance policy or Washington law when it applied the "typical negotiation" adjustment; (2) Plaintiffs failed to allege sufficient facts to show they were damaged; and (3) Plaintiffs failed to allege any cognizable facts about the Ameriprise Defendants. (Dkt. # 16.) The Court heard oral argument and issued an order granting in part and denying in part Defendants' motion. (Dkt. # 36.) The Court found Plaintiffs failed to allege any cognizable facts about the Ameriprise Defendants and dismissed those Defendants. (*Id.*) As for the remaining claims, the Court found Plaintiffs alleged sufficient facts to support their claims against IDS for breach of contract, breach of the duty of good faith and fair dealing, and a violation of the CPA. (*Id.*)

The parties have engaged in written discovery and third-party discovery with Audatex and other leading valuation companies. (Mot. at 4.) Plaintiffs also deposed several claims adjusters who have knowledge of Plaintiffs' claims, IDS's policies and procedures, and Audatex's valuation reports. (*Id.*) The parties further engaged in two full-day mediation sessions. (*Id.* at 5.) As a result, the parties reached agreeable terms of settlement. (*Id.*) Upon the parties' request, the Court stayed this action to allow the parties time to finalize the proposed settlement. (*Id.*)

ORDER - 3

Plaintiffs' instant motion requests the Court enter an order: (1) conditionally certifying the proposed Settlement Class[1]; (2) preliminarily approving the proposed Settlement; (3) approving the form and manner of notice and directing that notice of the proposed Settlement be given to the proposed Settlement Class; and (4) scheduling a final fairness hearing to determine whether the Settlement should be finally approved. (*See generally* Mot.; Settlement Agreement (Dkt. # 49-1).)

### III.   DISCUSSION

#### A.   Provisional Certification of Settlement Class

"Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Under Federal Rule of Civil Procedure Rule 23(a), the party seeking certification must first demonstrate that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). After satisfying the Rule 23(a) requirements, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Dukes*, 564 U.S. at 345; *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013).

For the reasons discussed below, the Court provisionally certifies the following Settlement Class for purposes of settlement only:

> All persons insured by a contract of automobile insurance issued by IDS to a Washington resident, and who, from October 25, 2013 through the date of the order granting preliminary approval, received compensation for the total loss of their vehicles under their First Party Coverages (Comprehensive, Collision, and UIM) and received a total loss valuation from IDS based upon an Audatex valuation.

---

[1] For purposes of this order, the Court adopts the definitions of capitalized terms set forth in the Settlement Agreement.

(*See* Settlement Agreement at ¶ 1.18.)[2]

1.  *Numerosity*

Numerosity requires class members to be so numerous that joinder is impracticable. Fed. R. Civ. P. 23(a)(1). The parties represent that the proposed Settlement Class consists of over 2,800 totaled loss vehicle claims associated with proposed class members. The Court finds the numerosity requirement is preliminarily met.

2.  *Commonality*

The requirement of "commonality" is met through the existence of a "common contention" that is of "such a nature that it is capable of classwide resolution." *Dukes*, 564 U.S. at 350. A contention is capable of class-wide resolution if "the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "[W]hat matters to class certification. . . is not the raising of common questions—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* This requirement is "construed permissively." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). Accordingly, "[a]ll questions of fact and law need not be common to satisfy the rule." *Id.*; *see also Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010).

Here, Plaintiffs assert there are questions of law and fact that are common to the proposed settlement class regarding Defendants' practice of applying Typical Negotiation Adjustments and Negative Condition Adjustments when adjusting insureds' total losses claims. (Mot. at 20.)

---

[2] Members of the Settlement Class excluded from sharing in the distribution of the Settlement Fund include those persons: (a) who have made a timely and proper request to be excluded from the Settlement Class; and (b) who include the Defendant and/or any Released Party, as well as the officers and directors of Defendant and/or any Released Party and the immediate family members of any such person, and any judge who may preside over this action.

Specifically, Plaintiffs assert the common issues include: (1) whether IDS, as a general business practice, reduced estimated values to comparable and loss vehicles by applying adjustments, such as the Typical Negotiation Adjustment; (2) whether the Typical Negotiation Adjustments are based on undisclosed and unfounded assumptions; (3) whether IDS's Typical Negotiation Adjustments are inappropriate, nonitemized, unverified, and unexplained; and (4) whether IDS's use of Typical Negotiation Adjustments in calculating the actual cash value on a total loss claim breached its contract with its insureds. (*Id.*) The Court finds this matter raises issues of common law and fact that can be resolved with a class-wide resolution, and, accordingly, the commonality requirement is met.

### 3. Typicality

Typicality is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (internal quotation marks omitted).

The Court finds Plaintiffs have met the typicality requirement. Plaintiffs' claims concern Defendant's use of Typical Negotiation and Negative Condition Adjustments in Audatex valuation reports, which are the same issues raised in the Settlement Class's claims. Accordingly, Plaintiffs' claims arise from the same course of conduct as the claims of the proposed Settlement Class and are based on the same legal theories.

### 4. *Adequacy*

To determine whether class interests will adequately be protected, courts must resolve two questions: "(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (internal quotation omitted).

Here, there are no apparent conflicts between Plaintiffs, Plaintiffs' counsel, and the proposed Settlement Class. Further, counsel for the parties have demonstrated vigorous prosecution of this matter through motions practice, discovery, and mediation, and have submitted declarations regarding their extensive experience with complex class action litigation and insurance-related matters. (*See* Bates Decl. (Dkt. # 50) at ¶¶ 2-7, Exs. 1-2; Settlement Agreement at 4.) Accordingly, the Court finds the Settlement Class interests will be adequately protected.

### 5. *Rule 23(b)(3)*

Under Rule 23(b)(3), the "common questions must predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Certification is appropriate when a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* Here, the Court finds questions of law and fact common to the Settlement Class predominate over any questions affecting individual class members, and that given the common issues, a class action is superior to other available methods for adjudication of this controversy. Accordingly, the Court preliminarily certifies the proposed Settlement Class as defined in the Settlement Agreement and appoints Rust Consulting as the Settlement Administrator.

### B.    Class Representative and Class Counsel

The Court preliminarily appoints Plaintiffs Makenzie Zuern and Eric Zuern as Class Representatives. The Court also preliminarily appoints the law firms of Carney Bates & Pulliam, PLLC and Nelson Boyd, PLLC as Class Counsel pursuant to Rule 23(g).

### C.    Preliminary Approval of the Proposed Settlement

Pursuant to the Settlement Agreement, Defendant has agreed to pay a Settlement Fund of $1,750,000.00, of which each class member will receive a *pro rata* distribution from the Settlement Fund less any court-approved attorneys' fees and costs, service awards, and costs of notice and settlement administration. (Settlement Agreement at ¶¶ 3.1-3.2.) Unless a class member validly and timely requests exclusion, he or she will receive his or her distribution from the Settlement Fund. (*Id.* at ¶ 3.2.) The Settlement Agreement also provides Settlement Costs consisting of: (1) an award of attorneys' fees up to 25% of the Settlement Fund and costs to class counsel not to exceed $17,000; (2) a service award to Plaintiffs in an amount not to exceed $2,500 per class representative; and (3) all costs of the Settlement Administrator not to exceed $40,000. (Mot. at 2, 8.)

To determine whether a settlement amount falls within the range of reasonableness, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *Vasquez v. Coast Valley Roofing*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009). The Court also considers factors indicating whether the final settlement will be fair, adequate, and reasonable, including the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of

class members to the proposed settlement. *Churchill Village v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Further, in granting preliminary approval, the Court considers whether the Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations; has no obvious deficiencies; does not grant preferential treatment to class representatives, and falls within the range of possible approval. *Harris v. Vector Mktg. Corp.*, Case No. C08–05198-EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011).

The Court preliminarily finds the Settlement Agreement, and the exhibits thereto, is fair, adequate, reasonable, and in the best interest of the Settlement Class. The parties have engaged in motions practice, discovery, and extensive mediation. The parties therefore are well informed about the facts and legal issues involved in this matter and had the opportunity to weigh the risks of continued litigation with the benefits of settlement. In addition, payments to the Settlement Class Members will be distributed on a *pro rata* basis, ensuring that each member is given equal treatment to the Settlement Fund. Further, it appears the parties agreed on the terms of the Settlement Agreement based on an arm's-length negotiation through experienced counsel and mediation.

With regard to Plaintiffs' request for attorneys' fees, costs, and service award, the Court reserves its ruling for the Final Fairness Hearing after class counsel submits application for such awards and fees. Accordingly, the Court grants preliminary approval of the settlement based upon the terms set forth in the Settlement Agreement.

**D.     Notice to the Settlement Class**

The Court finds that the form, content, and method of giving notice to the Settlement Class, as described in the Settlement Agreement and exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise

Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Rule 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. Accordingly, the parties and counsel shall comply with the following:

1. No later than ten (10) days after the date of this Order, Defendant shall provide to the Settlement Administrator the name, last-known mailing address and last known email address, if available, of each Putative Class Member as reflected in the records of the Defendant.

2. No later than twenty (20) calendar days after the date of this Order, the Administrator shall commence the notice program in accord with the notice provisions in paragraphs 5.1-5.6 of the Settlement Agreement, including the mailing, by first-class US mail, and emailing of the Notice (Exhibit 2 to the Settlement Agreement), and the creation of the Settlement Website.

3. No later than twenty-one (21) calendar days prior to the Final Fairness Hearing (the "Exclusion/Objection Deadline"), members of the Settlement Class who wish to exclude themselves from the Settlement Class must submit a written statement requesting exclusion. The Administrator shall date-stamp the request as of the date it is received, promptly log it, and provide copies of the log and all such requests for exclusion to Defendant's counsel and Class Counsel.

4. Any member of the Settlement Class who properly excludes himself or herself from the Settlement Class shall not be entitled to receive any payment from the Settlement Fund,

shall not be bound by the proposed Settlement, and shall have no right to object or comment thereon. Members of the Settlement Class who fail to submit a valid and timely Request for Exclusion shall be bound by all terms of the proposed Settlement and any final judgment entered in this Action if the proposed Settlement is finally approved by the Court.

5. Members of the Settlement Class who elect to object to the Settlement Agreement must file written notices of intent to object, postmarked by the Exclusion/Objection Deadline, in accordance with the terms and conditions of the Settlement Agreement. Such written notices of intent to object shall be mailed to the Settlement Administrator at the address provided in the Notice. To be valid, any objection must include: (i) the name of this Action; (ii) the objector's full name, address, and telephone number; (iii) if applicable, the name and address of any person claiming to be legally entitled to object on behalf of a Settlement Class Member and the basis of such legal entitlement; (iv) all grounds for objection (including all legal authority and evidence); (v) whether the objector is represented by counsel and, if so, the identity of such counsel; and (vi) the objector's signature. Individuals who do not file timely, valid, written notices will be deemed to have waived any objections.

6. Settlement Class Members who fail to timely file and serve written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

7. Settlement Class Members who properly exclude themselves from the Settlement have no right to object to the proposed Settlement or Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards.

8. All Class Members who do not opt out of the Class shall be bound by any Approval Order and Final Judgment entered pursuant to the Stipulation of Settlement, and shall

be barred and enjoined, now and in the future, from asserting any and all of the Released Claims, as defined in the Stipulation of Settlement, against the Released Persons, as defined in the Stipulation of Settlement, and any such Class Member shall be conclusively deemed to have released any and all such Released Claims.

Pending final determination as to whether the Proposed Settlement should be approved, each Class Member is hereby enjoined from continuing, instituting or prosecuting any legal proceeding against the Releasees relating in any way whatsoever to the Released Claims. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Parties of any fact or allegation, or of any liability, fault, or wrongdoing of any kind. In the event that this Preliminary Approval Order does not become final, (i) it shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) all other related orders to the Settlement shall be rendered null and void and shall be vacated *nunc pro tunc*, and (iii) the Lawsuit shall proceed as if there had never been a settlement and as otherwise provided in the Settlement Agreement.

The Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed Settlement, with such modifications as may be agreed to by the Parties, if appropriate without further notice to the Settlement Class.

**E.     Settlement Deadlines**

The Court adopts Plaintiffs' proposed dates and deadlines:

| **ACTIVITY** | **DEADLINE** |
| --- | --- |
| Notice Deadline – Notice shall be mailed and emailed to all persons | 20 calendar days from entry of the Preliminary Approval Order |

| | |
|---|---|
| identified as a Putative Class Member and Summary Notice shall be published | |
| Deadline for creating Settlement Website | 20 calendar days from entry of the Preliminary Approval Order |
| Deadline for filing Motion for Final Approval and Motion for Attorney's Fees, Costs and Service Awards | 35 calendar days prior to the Final Fairness Hearing |
| Objection/Opt-Out Deadline – Settlement Class Members that wish to object to the Settlement or exclude themselves from the Settlement must send written notice by this time | 21 calendar days prior to the Final Fairness Hearing |
| Deadline for reply papers, if any | 7 calendar days prior to the Final Fairness Hearing |

A final settlement approval fairness hearing on the question of whether the proposed Settlement, attorneys' fees to Settlement Class Counsel, and the Settlement Class Representative's Award should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class is scheduled in for May 26, 2021 at 1:00 pm. Deadlines pending in this action are hereby stayed.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion (dkt. # 49) is GRANTED and the Final Fairness Hearing is scheduled for May 26, 2021 at 1:00 pm.

Dated this 25th day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 13