# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **MAKENZIE and ERIC ZUERN, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**IDS PROPERTY CASUALTY INSURANCE COMPANY, a foreign insurer; AMERIPRISE INS. CO., a foreign insurer; and AMERIPRISE AUTO & HOME INS., a foreign insurer,**<br><br>**Defendants.** | **Case No.:  3:19-CV-06235-MLP**<br><br><br>**FINAL APPROVAL ORDER** |

This matter having come before the Court for a Final Fairness Hearing[1] on the proposed Settlement, and the Court having reviewed in detail the Stipulation and Agreement of Settlement (the "Settlement Agreement"), all relevant motions and papers that have been filed in connection with the proposed Settlement, and finding good cause,

**IT IS HEREBY ORDERED THAT:**

1.      This Order incorporates by reference the definitions in the Settlement Agreement, all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby finds that the requirements of Rule 23(a) and (b)(3) are satisfied for the following reasons:  (a) the Settlement Class is sufficiently numerous to make joinder impracticable, (b) questions of law or fact common to the Settlement Class predominate over any individual questions, (c) the claims of Plaintiffs are typical of the Settlement Class, (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all members of the Settlement Class, and (e) the class action procedure is the superior method of settling the claims and defenses in this Lawsuit.

4.      For purposes of the Settlement and this Final Approval Order, the Settlement Class shall be defined as follows:

> All persons insured by a contract of automobile insurance issued by IDS to a Washington resident, and who, from October 25, 2013 through [PRELIMINARY APPROVAL DATE], received compensation for the total loss of their vehicles under their First Party Coverages (Comprehensive, Collision, and UIM) and received a total loss valuation from IDS based upon an Audatex valuation.

---

[1]  The Court, for purposes of this Order, adopts the definitions of capitalized terms set forth in the Settlement Agreement.

The Settlement Class, which will be bound by this Final Approval Order and Final Judgment shall include all members of the Settlement Class who did not submit a timely and valid request for exclusion.

5.      Plaintiffs Makenzie and Eric Zuern are appointed as Class Representatives and the law firms of Carney Bates & Pulliam, PLLC and Nelson Boyd, PLLC are appointed as Class Counsel.

6.      The Court finds that the notice program as set forth in Section 5 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23(c) and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of (i) the pendency of the Lawsuit and of the Settlement, including the terms thereof; (ii) the procedure for objecting to or opting out of the Settlement; (iii) contact information for Class Counsel, the Settlement Administrator and a toll-free number to ask questions about the Settlement; (iv) important dates in the settlement approval process, including the date of the Fairness Hearing; (v) Class Counsel's request for an award of reasonable attorneys' fees and expenses; and (vi) the Class Representatives' applications for service awards.

7.      The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval (*see, e.g., Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566 (9th Cir. 2004)), including, inter alia, the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of certifying the proposed Settlement Class and – if successful – maintaining class action status throughout trial; the relief provided for in the Settlement; the extent of discovery completed and stage of the proceedings; the experience and views of Class Counsel and a highly-qualified mediator; and

the reaction of Settlement Class Members to the proposed Settlement. Furthermore, the Court has specifically considered the factors relevant to class settlement approval pursuant to Fed. R. Civ. P. 23, including whether the:

 (A) Class Representatives and Class Counsel have adequately represented the Settlement Class;

 (B) Settlement was negotiated at arm's length;

 (C) relief provided for the Settlement Class is adequate, taking into account:

  (i) the costs, risks, and delay of trial and appeal;

  (ii) the terms of any proposed award of attorneys' fees and costs, and Class Representative service awards, including the timing of payment and any justification for the awards; and

  (iii) any agreement required to be identified under Rule 23(e)(3); and

 (D) Settlement treats Settlement Class Members equitably relative to each other.

8. The Court has reviewed the Settlement and negotiation history for any signs of potential collusion (*see, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)) and finds that the Settlement is not the product of collusion. This finding is supported by, among other things: the fact that the Settlement was facilitated by experienced, well-qualified counsel from three different law firms who participated in arms-length negotiations that included two day-long mediations conducted by respected mediator Stew Cogan; the Settlement provides substantial benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses sought separately by Class Counsel; the benefits provided to Settlement Class Members are appropriate under the circumstances of this Lawsuit; and the Parties began negotiating attorneys' fees and expenses only after reaching an agreement regarding the key deal terms, including the amount of the Settlement Fund.

9. The Court hereby approves the Settlement Agreement and orders that the

Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

10. The Lawsuit is hereby dismissed with prejudice, with each party to bear its own costs.

11. By operation of this order, all members of the Settlement Class who have not timely and properly submitted a request for exclusion are deemed to have fully released, forever discharged, and are permanently barred and enjoined from instituting, commencing, or prosecuting any claims, rights, demands, actions, causes of action, suits, unknown claims, debts, liens, contracts, liabilities, agreements, interest, costs, expenses, losses, or damages (whether actual, consequential, treble, statutory and/or punitive or exemplary or other), whether arising in law or equity, asserted or unasserted, known or unknown, foreseen or unforeseen, relating to, or arising out of the valuation, adjudication, or claims handling of any automobile total loss claim adjudicated using any valuation report prepared or provided by Audatex North America, Inc., including but not limited to, any and all claims regarding the valuation of the vehicles by the putative class members (including the use of typical negotiation and condition adjustments) and/or the adequacy of any disclosures relating to the valuation and settlement of their vehicles against each of Defendant IDS Property Casualty Insurance Company (n/k/a American Family Connect Property and Casualty Insurance Company), the Ameriprise Defendants, Ameriprise Financial, Inc., Ameriprise Insurance Company, Audatex North America, Inc., and each of the foregoing's present, former and future direct and indirect each of their parent companies, subsidiaries, affiliates, agents, divisions, predecessors, members, and successors; and (ii) all of the aforementioneds' respective present, former and future agents, attorneys, employees, officers, directors, contractors, members, shareholders, policyholders, and assigns.

12. The Court further finds that the requested service awards to the Class Representatives are fair and reasonable. As such, the Court approves a service award to each

Class Representative in the amount of $2,500.00, to be paid from the Settlement Fund in the manner and at the times set forth in the Settlement Agreement.

13.     Class Counsel or its designated agent is directed to administer the Settlement in accordance with its terms and provisions.

14.     The individuals or entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded.  Such individuals or entities are not included in or bound by this Settlement or Final Judgment.  Such individuals or entities are not entitled to any recovery from the settlement proceeds obtained through this settlement.

15.     The Court shall retain exclusive, continuing, jurisdiction to resolve any disputes or challenges that may arise as to compliance with the Settlement Agreement, or any challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice, this Order, the Final Judgment, or the Settlement Agreement.

16.     In the event that this Order is reversed on appeal or otherwise does not become final, (i) this Order shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*, (iii) the Settlement Fund shall be refunded to the Defendants, less reasonable settlement administrative expenses actually incurred and paid, and (iv) the Lawsuit shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

17.     Neither the Settlement Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense, in whole or in part, on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any

1    reason, other than an action or proceeding to enforce the terms of the Settlement or this Order.

2    **IT IS SO ORDERED.**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23